Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James B. Moran | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 98 C 2756 & 00 C 927 | **DATE** | 9/14/2000 |
| **CASE TITLE** | George Patterson vs. North Shore Agency, Inc. et al. Brunita Banks vs North Shore Agency, Inc. et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Memorandum Opinion and Order

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due _____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. The motions to dismiss are granted. All other motions are denied.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | Document Number |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | date docketed | 13 |
| ✓ | Docketing to mail notices. | | | |
| ✓ | Mail AO 450 form. | ED-7 FILED FOR DOCKETING 00 SEP 15 PM 3: 08 | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | date mailed notice | |
| WAH | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| GEORGE PATTERSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 98 C 2756 |
| | ) | |
| NORTH SHORE AGENCY, INC.; and | ) | |
| COLUMBIA HOUSE MUSIC CLUB, | ) | |
| a partnership, | ) | |
| | ) | |
| Defendants. | ) | |
| | | |
| BRUNITA (MIKKI) BANKS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 00 C 927 |
| | ) | |
| NORTH SHORE AGENCY, INC.; and | ) | |
| JOHN DOES 1-10, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

The <u>Patterson</u> case began with two different issues. Those were determined adversely to plaintiff in a different case, and that ruling was affirmed in January of this year. Plaintiff thereafter filed an amended complaint, and defendants moved to dismiss. In the meantime, the <u>Banks</u> case had been filed. Since it raised the same issue, the case was transferred to this court as related on April 6, 2000.[1] We now grant the motions to dismiss in both cases.

In <u>Patterson</u>, Columbia House Video Club operates a video club. A consumer signing

---

[1] Plaintiff refers to <u>Banks</u> as 99 C 8390. That is a different case pending before Judge Shadur. <u>Banks</u> is 00 C 927.

up for the club receives seven video movies for seven cents, plus shipping and handling. He also agrees to purchase five more video movies over a three-year period at $19.95 to $29.95 per movie, plus shipping and handling. The material furnished to the consumer further provides as follows:

> **What If I Don't Fulfill My Part of the Agreement?**
>
> That is, if you:
>
> - Cancel your membership before buying the number of selections agreed upon, or
> - Fail to make your purchase within the specified length of time, or
> - Are late paying a bill.
>
> First, we'll send you a reminder, and hopefully the matter will be cleared up quickly.
>
> If you still don't meet the terms of your agreement, we'll bill you for an amount called"Due on Contract." This represents the total cost of the selections you haven't yet bought. We calculate this charge by multiplying the number of unpurchased selections by our commitment Club price of $19.95. We also add shipping and handling and any applicable tax. Once you've paid this charge, you may order and receive the number of selections you've paid for.

In <u>Banks</u>, the product is books but the system is the same. The consumer receives several books at a very low cost and obligates herself to purchase several additional books at stated prices. That agreement provides as follows:

> **Your Membership Agreement**
>
> - **When you joined the club, you agreed to purchase a given number of books at regular club prices to satisfy your membership agreement.** Please note that clearance and non-book (merchandise and audio) purchases do not count toward your membership agreement.
>
> - If you[sic] book purchase obligation is not fulfilled within your agreed-to time period, you may receive a reminder.
>
> - After completing your commitment, you may cancel your account at

- any time. If you do not fulfill your agreement or your account becomes overdue, you may be billed for the number of books you've failed to buy,

- The commitment charges are calculated by taking the number of outstanding book purchases required to fulfill your commitment and multiplying it times the Club's average book price. These commitment charges include shipping and handling fees and any applicable sales tax.

- Upon payment of your commitment charge, you will be given a catalogue from which to make your selections of the books you will receive to fulfill your commitment.

In <u>Patterson</u>, North Shore Agency, Inc., a debt collector, sent plaintiff a collection letter which included a demand for payment of $93.24 as "DUE ON CONTRACT." In <u>Banks</u>, the same agency sent the plaintiff a collection letter that included a "bill for commitment" charge. Plaintiff in each case claims that the collection letter violates Section 1692e of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §1692 *et seq.*, because each letter falsely claims an amount not due. The amount is inflated, plaintiffs claim, because the creditor seeks payment of the amount that would have been due if the videos and books had been ordered and shipped, but they were not. Accordingly, the creditor was obligated to reduce the amount sought by its cost for the merchandise it has not sent because it has saved that amount.[2]

Plaintiffs claim that the creditors have "padded" the debts with charges not authorized

---

[2]The materials furnished to the consumer are not attached to the complaints, but each plaintiff relies upon those materials. Each plaintiff has moved to lift the discovery stay, treat defendants' motions as Rule 56 motions, and to extend briefing schedules. Plaintiffs do not dispute, however, that the materials upon which defendants rely were part of the package of materials furnished to plaintiffs, and they do not indicate what they might hope to discover. We believe that material may be considered as part of the contractual relationship which forms the basis for plaintiffs' allegations. *See* <u>Venture Associates Corp. v. Zenith Data Systems Corp.</u>, 987 F.2d 429, 431 (7th Cir. 1993). It is also clear that the parties do not contend that there are any issues in these lawsuits, *e.g.*, that plaintiffs were not in default, other than the legal effect of the failure to deduct the cost of merchandise not shipped.

by law or contract. We assume that a demand for payment of a padded debt is a violation of FDCPA. *See* <u>Micro data Base Systems, Inc. v. Dharme Systems, Inc.</u>, 148 F.3d 649, 656 (7th Cir. 1998). But that is not what happened here. The consumers and the creditors agreed upon what were their mutual obligations upon default. Thus the creditors are not remitted to the remedies for breach of contract in the absence of agreement. They were entitled to pursue those contractual remedies unless those remedies were unreasonable. And they were not. Upon the consumer's payment of the amount claimed the creditor becomes obligated to ship, at the request of the consumer, all the videos or books covered by the payment. The net effect, then, is to place the consumer and the creditor in the same position they would have been in if the consumer had performed his contractual obligations in the first place. That is hardly an unconscionable outcome.

The motions to dismiss are granted. All other motions are denied.

JAMES B. MORAN
Senior Judge, U. S. District Court

Sept. 14, 2000.